NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5455 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00010-DLC-1 |
| v. | |
| JUAN FELIPE VIDRIO FUENTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted April 15, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Juan Felipe Vidrio Fuentes appeals from his sentence following his

conviction for conspiracy to distribute and possess with intent to distribute

controlled substances (methamphetamine and fentanyl), in violation of 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 846, and possession with intent to distribute those controlled substances, in violation of 21 U.S.C. § 841(a)(1). "When reviewing sentencing decisions, we review the district court's identification of the relevant legal standard de novo, its factual findings for clear error, and its application of the legal standard to the facts for abuse of discretion." *United States v. Vinge*, 85 F.4th 1285, 1288 (9th Cir. 2023) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We affirm.

Fuentes argues that the district court erred in imposing a leadership role enhancement under U.S.S.G. § 3B1.1(a), which provides a four-level enhancement if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." However, the record supports the district court's imposition of the enhancement. For example, the Pre-Sentence Report and evidence at trial indicate that Fuentes directed co-conspirators to mail, retrieve, and transport drugs. Moreover, contrary to Fuentes's characterization of the record, the district court did not consider Fuentes's post-conviction assault of a co-conspirator in applying the enhancement.

**AFFIRMED**.